UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY RAYMOND VOSS,

        Plaintiff,

v.                                    Civil Case No. 21-12594
                                    Honorable Linda V. Parker

ASHLEY VOSS,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 15)

On November 4, 2021, State Farm Life Insurance Company filed a complaint for interpleader with this Court after Wesley Voss ("Plaintiff") and Ashley Voss ("Defendant") submitted competing requests to the company for the proceeds of Shirley Voss's life insurance policy after she passed away. (ECF No. 1.) On January 10, 2022, Plaintiff filed a crossclaim arguing that Defendant exerted undue influence on Shirley Voss, prompting her to change her beneficiary from Plaintiff to Defendant. (*See* ECF Nos. 7, 15-9.) As such, Plaintiff requests this Court to declare that the beneficiary change to Defendant was invalid and that Plaintiff is entitled to the insurance proceeds.

Presently before this Court is Defendant's motion to dismiss Plaintiff's crossclaim due to lack of subject matter and personal jurisdiction under Federal

Rules of Civil Procedure 12(b)(1) and (2), or in the alternative abstain from exercising jurisdiction.  (ECF No. 15.)  The motion has been fully briefed.  (ECF Nos. 17, 18.)  For the reasons that follow, this Court is denying Defendant's motion to dismiss.

## I.    Applicable Standards

Federal courts are courts of limited jurisdiction.  "Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve."  *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  One of the bases for federal jurisdiction is diversity of citizenship.  Under 28 U.S.C. § 1332(a), Congress has empowered federal courts to hear cases in which the parties are citizens of different states and the amount in controversy exceeds $75,000.

When a party to a case in federal court feels that subject matter jurisdiction is lacking, Federal Rule of Civil Procedure 12(b)(1) allows that party to challenge the jurisdiction.  Motions to dismiss for lack of subject matter jurisdiction under 12(b)(1) fall into one of two categories: a facial attack or a factual attack.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack on subject matter jurisdiction challenges whether a party's assertion of subject matter jurisdiction in the complaint is proper.  *Id.* ("A facial attack is a challenge to the

sufficiency of the pleading itself.")  In cases of a facial attack, the trial court must take the allegations in the complaint as true.  *Id.*  In contrast, a factual attack challenges the factual existence of subject matter jurisdiction, regardless of whether the plaintiff correctly pled jurisdiction in the complaint.  A trial court need not presume the truthfulness of the factual allegations in these cases, and it may weigh the evidence to determine the existence of subject matter jurisdiction.  *Id.*; *see also RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (stating that a court is free to weigh evidence to "satisfy itself as to the existence of its power to hear the case" when subject matter jurisdiction is challenged by a factual attack).  When challenged, the burden of proof for establishing subject matter jurisdiction lies with the plaintiff.  *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal when a court lacks personal jurisdiction over a defendant.  The plaintiff has the burden of establishing the Court's jurisdiction over a defendant.  *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  To defeat a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie

showing of jurisdiction.  *See id.*  A prima facie showing requires the plaintiff to "demonstrate facts which support a finding of jurisdiction . . . ."  *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980) (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

## II.    Factual and Procedural Background

Plaintiff is the brother of the decedent, Shirley Voss.  (Compl. ¶ 12, ECF No. 1 at Pg ID 2.)  After the death of Shirley's father in 2012, Plaintiff began taking care of Shirley by helping her with daily tasks.  (ECF No. 15-9 at Pg ID 238.)  Ultimately, Shirley moved in with Plaintiff at his home in Michigan and eventually moved with him when he retired to Florida.  (*Id.*, Pg ID 238-39.)  In 2019, Shirley amended her life insurance policy to make Plaintiff the sole beneficiary.  (Compl. ¶ 12, ECF No. 1 at Pg ID 2.)

In July of 2021, Shirley moved back to Michigan to live with Defendant, who is her niece.  (*Id.* ¶¶ 13, 17, Pg ID 3; ECF No. 15-9 at Pg ID 239.)  While living with Defendant, Shirley began making various estate changes a week and a half before her death, such as executing a formal codicil to omit her nephew Wesley Voss Jr. from serving as a fiduciary to the administration of her probate estate and amending her trust to omit him from serving as a fiduciary or receiving distribution from the trust.  (*See* ECF Nos. 15-4, 15-5.)  Shirley reaffirmed Defendant as her personal representative and as her successor trustee.  (*See* ECF

4

No. 15 at Pg ID 199-200; ECF No. 15-5 at Pg ID 219-20.) In addition, on
September 10, 2021, Shirley executed another handwritten codicil naming
Defendant and seven others as the beneficiaries of her life insurance proceeds.
(ECF No. 15 at Pg ID 200; ECF No. 15-7 at Pg ID 227-28.) Thereafter, on
September 14, 2021, Shirley signed and submitted a formal change of beneficiary
form to State Farm assigning Defendant alone as the beneficiary of the proceeds.
(Compl. ¶ 13, ECF No. 1 at Pg ID 3; ECF No. 1-4 at Pg ID 42-45.) Shirley passed
away six days later, on September 20, 2021. (Compl. ¶ 14, ECF No. 1 at Pg ID 3;
ECF No. 1-5 at Pg ID 47.)

After her death, Plaintiff and Defendant contacted State Farm claiming
entitlement to the life insurance proceeds owed under her policy, which totals
$78,794.82. (Compl. ¶¶ 15, 16, ECF No. 1 at Pg ID 3.) Unable to determine how
to distribute the proceeds, State Farm filed the complaint for interpleader in this
Court, pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22, so
that Plaintiff and Defendant could litigate their respective claims between
themselves. (*Id*., Pg ID 5.) Subsequently, the Court dismissed State Farm from the
action after State Farm deposited the funds with the Clerk of Court, pending
resolution of the dispute between Plaintiff and Defendant. (ECF No. 21 at Pg ID
271.)

### III.   Analysis

Defendant argues that this Court lacks both subject matter and personal jurisdiction under the Federal Rules of Civil Procedure 12(b)(1) and (2).  (ECF No. 15 at Pg ID 190.)  With respect to subject matter jurisdiction, Defendant states that subject matter jurisdiction is lacking because this case falls under the probate exception to federal jurisdiction.  (*Id.*, Pg ID 190-91.)  To support her point, Defendant notes that Shirley not only sent a formal beneficiary change form to State Farm but also executed a handwritten codicil that directs the distribution of life insurance proceeds.  (*Id.*, Pg ID 201.)  Because state probate courts have exclusive jurisdiction over determining the validity of a will and distribution of assets and because a codicil is involved here, Defendant argues that the probate exception applies.  (*Id.*, Pg ID 202.)

Alternatively, Defendant contends that if this Court decides on the issue of undue influence, such a determination could potentially encompass other estate changes Shirley made before her death, such as the formal codicil to her will and the amendment to her trust that reaffirmed Defendant as personal representative and successor trustee.  If these other estate changes are contested based on undue influence in state probate court, inconsistent determinations may result.  Thus, Defendant argues that this Court should abstain from exercising jurisdiction.  (*Id.*; ECF No. 18 at Pg ID 262.)  Concerning personal jurisdiction, Defendant failed to

address why personal jurisdiction is lacking.  (*See* ECF Nos. 15, 18.)  In the response brief, Plaintiff did not address the issue of personal jurisdiction.  (*See* ECF No. 17.)  As such, the Court will consider this argument waived by Defendant.

In response, Plaintiff asserts that life insurance proceeds are not an estate asset and do not fall under the probate exception.  (ECF No. 17 at Pg ID 248.)  Instead, he states that the probate exception to federal jurisdiction applies only when a federal court is asked by a party to probate a will, annul a will, administer an estate, or dispose of property in the jurisdiction of a state probate court.  (*Id.*, Pg ID 249 (citing *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 791 (6th Cir. 2015).)  Plaintiff makes clear that he does not, and will not, contest any of Shirley's wills or trusts.  He is solely contesting the validity of the change of beneficiary to Defendant.  Given that the life insurance policy is outside of the realm of Shirley's estate or probate and that the wills or trust are uncontested by Plaintiff, he argues that the probate exception is inapplicable.  (*Id.*, Pg ID 249-50.)

In reply to Plaintiff's response, Defendant states that the probate court will be "forced" to decide the issue of undue influence over Shirley's other estate changes made before her death, regardless if Plaintiff contests it.  (ECF No. 18 at Pg ID 262.)  Defendant further argues that even if this Court decides it can hear the undue influence claim as to the life insurance proceeds, it should decline to

7

exercise jurisdiction and dismiss the case so that the issue of undue influence can be litigated in state court as to all the estate documents.  (*Id.*, Pg ID 263.)

### A.    Probate Exception to Federal Subject Matter Jurisdiction

Defendant first argues that this Court lacks subject matter jurisdiction over Plaintiff's claim because it falls under the probate exception to federal jurisdiction. (ECF No. 15 at Pg ID 202.)  Such an assertion, which does not question whether Plaintiff adequately alleged jurisdiction in the pleadings, is a factual attack on the existence of subject matter jurisdiction.  As such, this Court may weigh evidence to reach its conclusion as to the existence of jurisdiction.  *RMI Titanium Co.*, 78 F.3d at 1134; *cf. Carroll v. Hill*, 559 F. Supp. 3d 645, 650 (N.D. Ohio 2021), *aff'd* 37 F.4th 1119 (6th Cir. 2022) (taking claims as true when analyzing a facial attack).

The probate exception is a doctrine that holds that federal courts have no jurisdiction to probate a will or administer an estate, even if jurisdiction would otherwise be proper under diversity.  *Markham v. Allen*, 326 U.S. 490, 494 (1946). In *Markham*, however, the U.S. Supreme Court made clear that the probate exception does not extend to prohibit suits brought by creditors, legatees, heirs, and other claimants to establish their claims against a decedent's estate, so long as the federal court does not "interfere" with the probate proceedings, assume general jurisdiction of the probate, or exert control over property in the custody of state court.  *Id.*

8

In the years following *Markham*, lower federal courts "puzzled" over what it meant to "interfere" with probate proceedings, and many construed the language as blocking federal jurisdiction over matters ancillary to probate or estate administration. *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). The Supreme Court ended that trend with its decision in *Marshall*. *Marshall* overruled a Ninth Circuit case that held that a claim falls within the probate exception if it raises questions that would "ordinarily" be decided by a probate court, such as determining the validity of an estate planning document under questions of "fraud, undue influence [, or] tortious interference with the testator's intent." *Id.* (alteration in original). Rather, the Supreme Court clarified that the language about interference is merely "a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Id.*

Thus, under *Marshall*, the probate exception is narrow and only applies where the plaintiff seeks to 1) probate a will, 2) annul a will, or 3) reach a *res* over which the state court has custody. *Chevalier*, 803 F.3d at 801 (citing *Wisecarver v. Moore*, 489 F.3d 747, 750 (6th Cir. 2007)). Stated differently, "[t]he probate exception applies only if a case actually requires a federal court to perform one of the acts specifically enumerated in *Marshall:* to probate a will, to annul a will, to administer a decedent's estate." *Id*. (quoting *Lee Graham Shopping Ctr., LLC v.*

*Est. of Kirsch*, 777 F.3d 678, 681 (4th Cir. 2015) (brackets omitted).  As such, the distinction between actions *in personam* (involving jurisdiction over persons) and *in rem* (involving jurisdiction over property) is important for purposes of determining federal jurisdiction in a probate exception challenge.  In general, *in personam* actions do not fall under the probate exception because there is no *res* involved.  *Wisecarver v. Moore*, 489 F.3d at 750.  The Sixth Circuit, however, employs a "common sense approach" to whether an action is *in personam* or *in rem* in probate exception cases.  *Keene v. Rossi*, No. 15-10977, 2015 WL 13742444 at *7 (E.D. Mich. Nov. 30, 2015) (citing *id.*).  Rather than drawing a "hyper-technical distinction" between the two, when a claim is *in personam* but seeks relief that would disturb or dispose of property that the state probate court controls, it is barred under the probate exception.  *Id*.

In the present case, Plaintiff's sole allegation is that Defendant exerted undue influence over Shirley.  (ECF No. 15-9 at Pg ID 240-44.)  Undue influence is an *in personam* claim, and as such would normally fall outside of the probate exception to federal jurisdiction.  *See, e.g.*, *Marshall*, 547 U.S. at 304; *Wisecarver*, 489 F.3d at 750; *Carroll*, 559 F. Supp. 3d at 645.  Plaintiff asks this Court to reject Defendant's claims to the life insurance proceeds because of undue influence, which would result in the distribution of those proceeds to Plaintiff.  (*See* ECF Nos. 7, 15-9.)  Because the Sixth Circuit bars *in personam* claims that dispose of

property that the probate court controls, then this claim should be barred by the probate exception only if Defendant is correct that the proceeds are a part of Shirley's estate and only the probate court has jurisdiction to distribute them.

The question that arises, then, is whether the circumstances of this case render the life insurance proceeds a part of Shirley's estate.  Under Michigan law, life insurance proceeds are not a part of the estate.  *See, e.g.*, *Noble v. McNerney*, 419 N.W.2d 424, 427 (Mich. App. 1988) (stating that determining title to life insurance proceeds is a matter "ancillary" to matters of an estate); *Michigan Statutory Will*, M.C.L. § 700.2519(2)(4) ("This will has no effect on jointly held assets, on retirement plan benefits, or on life insurance on your life if you have a named beneficiary who survives you.").  Defendant notes, however, that in addition to the beneficiary change form that Shirley submitted to State Farm, Shirley also executed a handwritten codicil which sought to distribute the life insurance proceeds among an additional seven beneficiaries. [1]  Without citing any supporting statute or case law, Defendant alleges that if the codicil is deemed valid by the probate court, then the probate court will distribute the proceeds according to the codicil.  (ECF No. 15 at Pg ID 202.)  Thus, Defendant argues that the

---

[1] Defendant incorrectly states in her brief that the codicil directs the proceeds to an additional nine beneficiaries.  The codicil only lists seven beneficiaries aside from Defendant.  (*See* ECF No. 15-7.)

distribution of the life insurance proceeds would be equivalent to "the

administration of the probate estate."  (*Id*., Pg ID 201-02.)

Michigan law contradicts Defendant's assertion.  The Michigan Supreme

Court held that where a life insurance policy designates a method and procedure

for changing beneficiaries, a policyholder must be in "at least substantial

compliance with such provisions to effect the change."  *Dogariu v. Dogariu*, 11

N.W.2d 1, 6 (Mich. 1943).  In *Dogariu*, the decedent had executed a will

attempting to change his life insurance beneficiaries to both his son and his wife.

*Id*. at 2.  After the decedent's death, a dispute arose as to the proper distribution of

proceeds.  The Court held that the will, standing alone, did not change the

beneficiary because it did not substantially comply with the policy's procedures for

changing beneficiaries.  *Id.* at 7.  *See also Moukalled v. Minn. Mut. Life Ins. Co.*,

No. 01–72051, 2002 WL 31008839 at *8 (E.D. Mich Aug. 19, 2002) (holding that

decedent had not effectuated a change of beneficiary under the *Dogariu* test for

substantial compliance); *Aetna Life Ins. Co. v. Brooks*, 292 N.W.2d 532, 534

(Mich. App. 1980) ("The will clearly did not, and could not, effect a change of

beneficiary.").

In this case, the codicil could not have effectuated a change in beneficiary

and is therefore irrelevant to determining the correct distribution of proceeds.

Shirley's State Farm policy provides that a policyholder, while living, may change

beneficiaries by sending a request and that State Farm has the ultimate right to approve the change.  (ECF No. 1-1 at Pg ID 14.)  Shirley's codicil does not comply with that provision because she did not send it to State Farm for approval.  State Farm's complaint for interpleader makes clear that it did not receive any other requests to change beneficiaries from Shirley, aside from the formal request to make Defendant the beneficiary to 100% of the proceeds.  (ECF No. 1 at Pg ID 2-3.)

With the codicil unable to direct the distribution of life insurance proceeds under Michigan law, the proceeds in this case fall outside the probate exception. As such, dismissal for lack of subject matter jurisdiction is not appropriate.

Further, as Plaintiff correctly states, jurisdiction is proper in this Court under the diversity jurisdiction statute 28 U.S.C. § 1332 because Plaintiff is from Florida and Defendant is from Michigan, and the amount in controversy exceeds $75,000. (ECF No. 17 at Pg ID 251.)

In addition, the case is properly in this Court under the interpleader statute 28 U.S.C. § 1335, which allows a person or entity (in this case, State Farm) to interplead actions in federal courts if the parties disputing title to money are diverse under 28 U.S.C. § 1332 and the amount in controversy exceeds $500.  (*Id*.)

B.    **Abstention**

Alternatively, Defendant asserts that because Shirley made changes to her estate planning documents within the same week that she changed her life insurance beneficiary, the probate court will have to decide on the matter of undue influence as to the other estate documents.  As such, this Court should dismiss this case for purposes of "judicial economy" — in other words, this Court should abstain from exercising its jurisdiction.  (ECF No. 18 at Pg ID 262-63.)

Generally, "abstention from federal jurisdiction is the exception, not the rule."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).  Indeed, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them.  *Id.* at 817.  As such, "only the clearest of justifications" will warrant the dismissal of a case for abstention purposes.  *Id.* at 819.

In *Colorado River*, the Supreme Court stated that in limited cases, considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" may warrant abstaining from exercising jurisdiction over a case.  *Id.* at 817 (alteration in original) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952).  The Court enumerated several factors to be considered in cases of abstention, such as: 1) whether a state court has already assumed jurisdiction over property; 2) the inconvenience of the forum; 3) the avoidance of piecemeal

14

litigation; and 4) the order in which concurrent jurisdiction was obtained. *Id.* at 818.

In later decisions, the Supreme Court expanded the list of considerations to include 5) whether the source of governing law is state or federal; 6) whether the state court action is adequate to protect the plaintiff's rights; 7) the relative progress of the state and federal proceedings; and 8) the presence or absence of concurrent jurisdiction. *Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998) (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 21-28 (1983) and *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 665 (1978)).  These factors from *Colorado River* and its progeny do not constitute "a mechanical checklist," but instead require a balancing that is relevant to the particular case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital*, 460 U.S. at 2.

The Sixth Circuit has clarified that before the factors listed in *Colorado River* may be analyzed, however, it is necessary to determine if there is an actual parallel proceeding occurring in state court.  *Romine*, 160 F.3d at 339; *Crawley v. Hamilton County Commissioners*, 744 F.2d 28, 31 (6th Cir. 1984); *Baskin v. Bath Township Board of Zoning Appeals*, 15 F.3d 569, 571-72 (6th Cir. 1994).  A proceeding is parallel if substantially the same parties are litigating substantially the same claims simultaneously in state court.  *Crawley*, 744 F.2d at 31; *Home*

*Federal Bank for Savings v. Gussin*, 783 F. Supp. 363, 367 (N.D. Ill. 1992).  In

deciding whether a state action is parallel for abstention purposes, the federal court

must look at the issues actually raised in the state court action, not those that might

be raised.  *Baskin*, 15 F.3d at 572.

In this case, there is no parallel action occurring in state court.  Though

Defendant petitioned to probate Shirley's estate in January of 2022, there is no

suggestion that the issue of undue influence has been raised by Plaintiff or by any

party in those proceedings.  (ECF No. 15-2 at Pg ID 207-210).  In fact, Plaintiff

has stated that he will not be challenging Shirley's wills or trust at all.  (ECF No.

17 at Pg ID 250.)  Since the mere possibility that a party could raise undue

influence in state court is not a basis upon which this Court can abstain from

jurisdiction for judicial economy, abstention is improper in this case.

Further, Defendant has failed to substantially develop any legal or factual

argument allowing this Court to abstain under *Colorado River*.  Defendant asks

this Court to dismiss for the sake of judicial economy without citing *Colorado

River* or any other controlling precedent to support his argument.  Indeed, the only

case cited in Defendant's argument for abstention was *Cenker v. Cenker*.[2]  (ECF

---

[2] Plaintiff also cited *Cenker* in his response to Defendant's motion to dismiss,
quoting the passage which states that federal courts can entertain suits in favor of
"creditors, legatees, and heirs and other claimants" against a decedent's estate.
(ECF No. 17 at Pg ID 250) (quoting *Cenker*, 660 F. Supp. at 794).

No. 18 at Pg ID 263.)  In *Cenker*, a case decided before *Marshall*, the court held
that the probate exception applied and, even if it was not applicable, that it would
abstain from exercising jurisdiction where the federal suit was "intertwined" with a
state suit and where the probate court is familiar with the issues before the district
court. [3] *Cenker v. Cenker*, 660 F. Supp. 793, 794-96 (E.D. Mich. 1987).  The court
relied on the facts that the life insurance proceeds were already on deposit with the
probate court and because the probate court was already familiar with contested
issues.  *Id*. at 795.  But as discussed, there is nothing to suggest here that the parties
are litigating undue influence in state probate proceedings.

Moreover, Defendant made no argument that would suggest any of the
reasons for abstention under *Colorado River* might be present here except for the
*possible* risk of piecemeal or duplicative litigation.  With respect to piecemeal
litigation, Defendant claims without citing any statute or case law that the probate
court "will be forced to decide as to undue influence on the decedent" regarding
the other estate changes that Shirley made, even if Plaintiff has not contested the
changes.  (ECF No. 18 at Pg ID 262.)

---

[3] The Sixth Circuit relied on *Cenker* in its opinion in *Lepard v. NBD Bank*, 384
F.3d 232 (6th Cir. 2004).  *Lepard* was later overruled by the Supreme Court with
its decision in *Marshall*.  *Marshall*, 547 U.S. at 311.  As such, to the extent *Cenker*
conflicts with *Marshall*, it is no longer good law.

There is no evidence, however, that a probate court will decide a question of undue influence on a decedent *sua sponte.* Instead, Michigan statutory and case law suggests that undue influence is a matter that must be raised by someone contesting a testamentary document, and that contestant has the burden of proof to establish it. *See* M.C.L. § 700.3407 ("A contestant of a will has the burden of establishing lack of testamentary intent or capacity, undue influence, fraud, duress, mistake, or revocation."); *In re Mardigian Estate*, 917 N.W.2d 325, 331 (Mich. 2018) ("[The Estates and Protected Individuals Code] and our rules of evidence each require that a will or trust contestant establish undue influence and that the ultimate burden of persuasion remains with the contestant."); *In re Gerald L. Pollack Trust*, 867 N.W.2d 884, 898 (Mich. App. 2015) ("A party contesting a will has the burden of establishing undue influence.").

Thus, contrary to Defendant's unsupported assertions, statutory and case law show that the probate court will not be forced to decide the question of undue influence unless someone specifically contests Shirley's wills or trust in probate. With Plaintiff's statement that he will not be contesting the wills or trust, and with no evidence that such a claim is being litigated in state court, the basis upon which Defendant invoked abstention that would be appropriate under *Colorado River* — piecemeal litigation — has not been legally or factually argued sufficiently. As

discussed, only the "clearest of justifications" will warrant dismissal for abstention. *Colorado River*, 424 U.S. at 819. That burden has not been met here.

## C. Personal Jurisdiction

As a perfunctory final matter, Defendant argues that this Court lacks not only subject matter jurisdiction but also personal jurisdiction. (*See* ECF No. 15 at Pg ID 190.) Based on this assertion, Defendant stated in her motion that dismissal of this suit is proper under both Federal Rules of Civil Procedure 12(b)(1) (for lack of subject matter jurisdiction) and 12(b)(2) (for lack of personal jurisdiction). (*Id.*) Defendant, however, did not present any fact or law to support the contention that this Court lacks personal jurisdiction. In fact, Defendant did not mention personal jurisdiction once in either her brief in support of the motion or her reply to Plaintiff's response to the motion. (*See* ECF Nos. 15, 18.) Therefore, the claim for lack of personal jurisdiction is waived because Defendant did not develop an argument for it. *See General Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat* 289 F.3d 434, 441 (conclusory arguments are waived); *Thomas v. United States*, 849 F.3d 669, 679 (6th Cir. 2017) ("A party waives issues that he adverts to in a perfunctory manner, unaccompanied by some effort at developed argumentation")

Nonetheless, Defendant's claim that this Court lacks personal jurisdiction is without merit. "Personal jurisdiction can be either general or specific, depending

19

upon the nature of the contacts that the defendant has with the forum state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002) (citing *Conti v. Pneumatic Prod. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992)).  In disputes over personal jurisdiction, "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). This is because, under Federal Rule of Civil Procedure 4, serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district is located.  Fed. R. Civ. Pro. 4(k)(1)(A) (service of process "establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. . . ."  Michigan's long arm statute allows the exercise of general personal jurisdiction when an individual is domiciled in Michigan, served in Michigan, or consents to be sued in Michigan.  MCL § 600.701; *but cf Miller v. Laidlaw & Co. (UK)*, No. 11-12086, 2012 WL 1068705, at \*4 (E.D. Mich. Mar. 29, 2012), on reconsideration in part, No. 11-12086, 2013 WL 1278484 (E.D. Mich. Mar. 27, 2013) (finding no general personal jurisdiction where defendants were not domiciled in Michigan, were not served in Michigan, and did not consent to Michigan jurisdiction).  In this case, Plaintiff has alleged that Defendant is a resident of Michigan, which is where she was served and where

this Court sits.  (*See* ECF No. 1 at Pg ID 2; ECF No. 9.)  As such, this Court will not dismiss this case for lack of personal jurisdiction.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and abstention (ECF No. 15) is **DENIED.**

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 16, 2022