UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY RAYMOND VOSS,

    Plaintiff,

v.

                                        Civil Case No. 21-12594
                                        Honorable Linda V. Parker

ASHLEY VOSS,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND WITNESS LIST (ECF NO. 37)

This is a diversity action arising from a dispute over the life insurance policy of decedent Shirley Voss pursuant to Michigan state law. Plaintiff Wesley Raymond Voss ("Plaintiff") initiated this lawsuit against Defendant Ashley Voss ("Defendant") alleging that she "took advantage" of the decedent and pressured the decedent to change the beneficiary information to Defendant's name. (ECF No. 34 at Pg ID 363, ¶ 40, 42.) In the Amended Complaint, Plaintiff alleges the following: Undue Influence pursuant to Michigan state law (Count I); Lack of Capacity pursuant to Mich. Comp. Laws 700.1105(a) (Count II); and Declaratory Relief (Count III). (*Id.* at Pg ID 361-67.) This matter is presently before the Court on Plaintiff's Motion for Leave to File an Amended Witness List. (ECF No. 37.)

The motion is fully briefed.[1] (ECF Nos. 38, 39, 40.) For the reasons that follow, the Court is granting Plaintiff's motion and extending the time for discovery.

## BACKGROUND

On September 15, 2022, following a scheduling conference, the Court issued a scheduling order, which determined that the witness lists were to be filed by October 21, 2022, and discovery would close on February 3, 2023. (ECF No. 25.) Before the end of discovery, Defendant issued a subpoena to State Farm Life Insurance Company ("State Farm") seeking documents related to beneficiary policy changes by decedent. On February 7, 2023, due to the Subpoena and Plaintiff's decision to file an amended complaint, parties stipulated to extending discovery until April 4, 2023. (ECF No. 34.) The stipulated order also stated that "Plaintiff shall file an amended witness list within 7 days of this Order." (*Id.* at Pg ID 343.)

While engaging in discovery, Plaintiff discovered a potential discrepancy with decedent's signature on the change of beneficiary form, which names Defendant as beneficiary. Upon the discovery, Plaintiff amended his Complaint on

---

[1] In the Response, Plaintiff attempts to also assert that this is a "Counter-Motion to Strike Plaintiff's Late Filed Expert Witness." (ECF No. 38 at Pg ID 441.) However, the Court will not entertain a motion that is embedded within a response brief. They must be filed separately. *See* Fed. R. Civ. P. 12. However, because the Court is granting Plaintiff's motion, the Court need not reach Defendant's embedded motion to strike.

February 7, 2023, to include claims related to the signature discrepancy. (ECF No. 34 at Pg ID 367, ¶ 58.)  Plaintiff then engaged in the process of locating an expert "to determine if there was in fact an argument to be made that the designation signature was a forgery." (ECF No. 37 at Pg ID 389.)  In order to conclude whether a forgery occurred, Mr. Erich Speckin (the "Expert") required some of the subpoenaed documents from State Farm to compare signatures.  According to Plaintiff, he did not receive the documents from State Farm until after the deadline to amend the witness list had passed (sometime after February 14, 2023).  (*Id.*)  Plaintiff also alleges that it took the Expert "a number of weeks" to review the documents and make his findings; Plaintiff was unsure if the Expert would be required and if an amendment to the witness list would be necessary until the analysis was complete. (*Id.*)  Finally, Plaintiff states that he "immediately sent the report to opposing counsel along with the Expert's contact information and CV." Defendant does not dispute this fact. (*Id.* at Pg ID 385, ¶ 16.)

## APPLICABLE LAW AND ANALYSIS

Plaintiff seeks leave to amend his witness list to include the Expert as a witness for purposes relevant to his claim in the Amended Complaint regarding the accuracy and originality of the signature on the change of beneficiary form. Plaintiff maintains that his "failure to timely amend the witness list is both substantially justified and harmless." (*Id.* at Pg ID 386, ¶ 20.)  In response,

Defendant maintains that Plaintiff has not provided a "substantially justified reason" for filing a late witness list, noting that Plaintiff "now brings an expert at the end of discovery . . . without giving Defendant enough time to depose Plaintiff's expert or obtain its own record and produce its expert report . . . with two weeks' notice . . . ."  (ECF No. 38 at Pg ID 446.)

Federal Rule of Civil Procedure 26(a)(2)(D), which governs the disclosure of expert witnesses during discovery states the following:

> *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> (i)   at least 90 days before the date set for trial or for the case to be ready for trial.

Fed. R. Civ. P. 26(a)(2)(D).  If a party fails to provide information or identify a witness as required by Rule 26(a), Rule 37(c)(1) requires the court exclude such a witness from testifying, unless the failure was substantially justified or is harmless. *Redmond v. United States*, 194 F. Supp. 3d 606, 612 (E.D. Mich. 2016).  A harmless violation "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (internal quotations and citations omitted). "Substantially justified means justified to a degree that could satisfy a reasonable

person." *Eagle v. Hurley Medical Center*, 292 F.R.D. 466, 481 (E.D. Mich. 2013) (internal quotations omitted).

The Sixth Circuit provides the following factors for courts to consider when evaluating whether a late disclosure is substantially justified or harmless:

> 1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe*, 801 F.3d at 748; *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). First, there is no surprise to Defendant that Plaintiff would seek to offer an expert who specializes in signatures provided his claim of alleged forgery in the Amended Complaint. (ECF No. 34 at Pg ID 367, ¶¶ 58-62.) Although Defendant appears to be bothered by the timing of the disclosures, she does not argue that she was surprised or unaware of the potential amendment.

Second, Defendant concedes that she has a way to cure the surprise, —even though no surprise exists—which would be for the Court to provide Defendant with "additional time for its own discovery . . . , time to amend its own witness list to add an expert . . . , and time to file its expert disclosures . . . ." (ECF No. 38 at Pg ID 543.) Third, the evidence would not disrupt trial since the Court has yet to set a trial date. Fourth, Plaintiff maintains, and the Court agrees, that the evidence

is important in that it would provide support for the claim of possible forgery. (ECF No. 37 at Pg ID 395.)

Finally, the Court is satisfied with Plaintiff's explanation as to why he provided a late expert disclosure. Once Plaintiff became aware of the alleged forgery and amended his Complaint to reflect this claim, he sought to locate and hire an expert, obtained the necessary documents from State Farm as they became available, forwarded the Expert's report and CV to Defendant, and notes that he was unaware whether the Expert would be needed until he concluded his findings and submitted a report. Thus, the Court finds that the filing delay was substantially justified and harmless.

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff has shown good cause for leave to file the amended witness list. Further, because Defendant must be provided with additional time to obtain her own expert witness and conduct any additional discovery regarding Plaintiff's Expert, the Court will grant an extension of the discovery, facilitation, and dispositive motion cut-off dates.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Leave to File an Amended Witness List (ECF No. 37) is **GRANTED,** and the Court will issue an amended

scheduling order to reflect a fact discovery cut-off date of June 16, 2023, a facilitation cut-off date of July 7, 2023, and a dispositive motion cut-off date of July 28, 2023.

**IT IS SO ORDERED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: April 12, 2023